238

S. C. Lurie, Appellant, v. Rosalia Vorreiter and
Martha A. Sanger, Appellees.

Gen. No. 43,638.

Opinion filed January 8, 1947. Released for publication January 28, 1947.

AARON SOBLE and MAURICE WEISSMAN, both of Chicago, for appellant.

KELLY, KELLY & KELLY, of Chicago, for appellees; JOHN J. KELLY and JOHN N. THORNBURN, both of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action to aid an execution upon a judgment by setting aside conveyances of real estate. The trial court dismissed the complaint for want of equity. Plaintiff has appealed.

The Immel State Bank failed on July 2, 1931. William C. Vorreiter and Rosalia, his wife, were stockholders in the bank at the time. Subsequently, creditors of the bank filed a stockholders' liability suit. July 7, 1932 the Vorreiters filed their answers. The next day they conveyed two parcels of property held by them in joint tenancy to their daughter Martha Sanger. Judgment for $5,300 and costs was entered against the Vorreiters July 3, 1934.

Execution issued on the judgment December 1934 and was returned no part satisfied. Plaintiff purchased the judgment among other assets from the receiver in the stockholders' liability suit. The sale to him was approved November 5, 1943. He caused execution to issue on the judgment in December of 1943. When the instant suit was filed March 6, 1944, that execution was unsatisfied.

Plaintiff, to aid his execution, seeks to set aside the two conveyances to Martha Sanger. The pleadings raised the issues whether the conveyances were in fraud of creditors and whether plaintiff is guilty of laches.

William Vorreiter died September 24, 1943. Defendant contends that this event occurring during the delay of nearly 12 years in filing suit, precludes plaintiff from maintaining his action. They say they were prejudiced because the testimony of the decedent was indispensable to their defense. Plaintiff claims that laches is not effective to bar his action. He says there has been no change of circumstances and that the death of William Vorreiter did not prejudice defendant in the case.

Plaintiff moved to strike parts of defendant's answer to the third amended complaint. The motion was denied and plaintiff replied. He thereby waived whatever deficiency may have been in the answer.

The evidence shows the conveyance to Martha Sanger was voluntary. If there were a showing that the grantors were insolvent at the time or in failing circumstances, largely indebted and shortly after the conveyance insolvent, defendants would have the burden of dispelling the implication of fraud. *Kennard v. Curran,* 239 Ill. 122; *Birney v. Solomon,* 348 Ill. 410. The plaintiff's position is that there was ample showing to raise the implication of fraud.

The evidence shows that Rosalia Vorreiter knew little, if anything, of the family financial condition; that the decedent did not disclose to her the details of his business; that she had no bank account at the time of the conveyances or thereafter; and that the decedent was ''determined'' to take care of the family affairs. She testified that she had no assets on the day of the conveyances or thereafter. She also said she did not know whether her husband or herself retained any personal or real property after the conveyance. She testified that she knew she had a one half interest in the two parcels of property conveyed, but that she did not know their value, knew none of the details of the conveyances, nor the purpose. There was evidence too that William Vorreiter sold one

meat market business in 1929. Rosalia did not know the sale price. There was evidence too that he maintained another meat market until he retired in 1935 and that he always had money after he retired.

Martha Sanger paid taxes on the property since 1932. In 1938 she and her husband placed a $5,000 mortgage on the property. She had made the payments thereon to the date of trial. During all of this time her mother and father, until his death, and her mother thereafter, lived with her in one of the properties without paying rent.

Before buying the assets from the receiver, plaintiff "checked" to see how many of the judgment debtors were in the telephone book and how many were bankrupt. He took into consideration the age of the judgment and found that most of the judgment debtors were thrifty people, steadily employed and of a kind who would pay "if a little pressure were brought." He says he learned of the Vorreiters in December 1943. The record shows that the deeds of conveyance to Martha Sanger were recorded in July 1932. The record indicates that plaintiff bought the judgment for approximately $50. At the time of the trial he had collected about $10,000 net upon the assets which he had bought for $3,000.

Plaintiff contends principally for the undivided one half interest of Rosalia. He relies on her testimony of her financial condition at the time of the conveyances and shortly thereafter.. Plaintiff admits that any defense which is good as to his assignor is good as to him. Had his assignor acted to set aside the conveyance during William Vorreiter's lifetime, the judgment might have been paid if "pressure" were brought. There was evidence that he had money. That would have obviated danger to the title of Martha Sanger from the instant suit. We think that the decedent's testimony was necessary to her defense as to both her mother and father's interests in the

property. We think that Martha Sanger, as to both interests, was prejudiced by the delay in filing the action. *Forster v. Brown Hoisting Machinery Co.,* 266 Ill. 287.

We cannot hold that there was fraud which precluded the defense of laches. There was no fraud, unless there was insolvency at the time or shortly thereafter. The only defense to the claim of fraud was, for the reasons given, the testimony of the decedent concerning the family finances. There is nothing in the record to show that either of the defendants or their attorney had such knowledge of the finances as would enable them to give helpful testimony.

We need consider no other point raised. Although our conclusion rests on different grounds than those assigned by the trial court for its decision, we believe the judgment should be affirmed. There is no necessity for considering the reasons given by the trial court for its decision.

*Affirmed.*

LEWE, P. J., and BURKE, J., concur.